UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DAYNA THOMPSON**,

    Plaintiff,

v.                                                                                       2:22-cv-662-NPM

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

## ORDER

Plaintiff Dayna Thompson has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Commissioner has filed a response in opposition. (Docs. 19, 20). The motion is granted in part.

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Upon review of the services provided, the request for an award of $8,845.25 based on 36.5 hours of attorney time is not reasonable.

There is no dispute about the reasonableness of the hourly rates. EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Thompson requests an hourly rate of $238.75[1] for work completed in 2022 and $242.50 for work completed in 2023. These rates are reasonable.

---

[1] For work in 2022, Thompson's brief utilizes an hourly rate of $234.95. (Doc. 19 at 3). However,

The rub is the number of hours. "Historically, courts have held that more than 30 hours is unusual to spend on an entire Social Security case." *Oneill v. Comm'r of Soc. Sec.*, No. 6:19-cv-2359-GKS-EJK, 2021 WL 1929736, *3 (M.D. Fla. Apr. 13, 2021), *report and recommendation adopted*, 2021 WL 1925545 (May 13, 2021). And as the Commissioner points out, this court has repeatedly found an excessive number of hours in the fee applications from Thompson's counsel. *See, e.g.*, *id.*, 2021 WL 1929736, at *4-5 (finding nearly 50% of the requested hours to be excessive); *Hunter v. Comm'r of Soc. Sec.*, No. 2:21-cv-476-JLB-NPM, 2022 WL 16830062, *2 (M.D. Fla. Apr. 18, 2022), *report and recommendation adopted*, 2022 WL 14408163 (Oct. 25, 2022) (about 25% of the requested hours found excessive); *Lucas-Williamson v. Comm'r of Soc. Sec.*, No. 8:18-cv-2641-EAK-AAS, 2019 WL 6792458 (M.D. Fla. Nov. 6, 2019), *report and recommendation adopted*, 2019 WL 6770084 (Dec. 12, 2019) (about 25%); *Garverick v. Comm'r of Soc. Sec.*, No. 2:15-cv-385-CM, 2017 WL 1838483, *2 (M.D. Fla. May 8, 2017) (nearly 30%).

As we reasoned in *Miller v. Comm'r of Soc. Sec.* when confronted with a fee application from the same two attorneys here:

> The excessiveness, duplication and lack of billing judgment reflected in the foregoing time entries is apparent. A reasonable paying client would justifiably question why two experienced Social Security attorneys would have to spend so much time [35.6 hours] writing and rewriting a brief. Plaintiff's attorneys

---

the affidavit of fees utilizes a rate of $238.75. (Doc. 19-1 at 18). Given the Commissioner does not challenge the rates, the court applies the latter.

> have not sufficiently answered this question. Moreover, the undersigned has reviewed Plaintiff's brief and finds nothing about it that would justify such excessive and duplicative time. The four issues raised do not appear unusually novel or complex, and at least some of the issues were likely previously raised by Plaintiff's attorneys in other cases.

No. 8:22-cv-438-VMC-JBT, 2023 WL 3159034, *3 (M.D. Fla. Apr. 13, 2023), *report and recommendation adopted sub nom.* 2023 WL 3158488 (Apr. 28, 2023).

Given the heavy caseload of this district, we are frequently faced with EAJA petitions in Social Security cases. And with no opposition from the Commissioner, we have recently found three to four hours reasonable when the matter is remanded before any briefing takes place,[2] about twenty-five hours when remanded before briefing is complete,[3] and about thirty-five hours when fully briefed.[4] There is nothing exceptional about this case that sets it apart. And it was remanded before briefing was complete. Thus, purportedly devoting 36.5 hours to this matter was excessive.

The court arrives at a lodestar figure by reducing the number of hours by 25%. Accordingly, Thompson's motion (Doc. 19) is **granted in part**. The clerk is directed

---

[2] *See Jennewein v. Comm'r of Soc. Sec.*, 2:23-cv-454-NPM, Doc. 19 (M.D. Fla. Oct. 30, 2023); *Diaz v. Comm'r of Soc. Sec.*, 2:22-cv-762-NPM, Doc. 21 (M.D. Fla. July 6, 2023); *Petrock v. Comm'r of Soc. Sec.*, 2:23-cv-23-NPM, Doc. 21 (M.D. Fla. July 5, 2023).

[3] *See Anglin v. Comm'r of Soc. Sec.*, 6:23-cv-587-NPM, Doc. 27 (M.D. Fla. Nov. 16, 2023).

[4] *See Williams v. Comm'r of Soc. Sec.*, 2:22-cv-124-NPM, Doc. 21 (M.D. Fla. June 5, 2023); *Randazzo v. Comm'r of Soc. Sec.*, 2:21-cv-16-NPM, Doc. 31 (M.D. Fla. April 11, 2023); *Hayer v. Comm'r of Soc. Sec.*, 2:21-cv-436-NPM, Doc. 35 (M.D. Fla. April 7, 2023).

to amend the judgment to include an award of **$6,633.94** for attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Thompson.[5]

**ORDERED** on March 11, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[5] Thompson filed a signed attorney's fees contract. (Doc. 19-2). Under the contract, Thompson waived direct payment of the EAJA fees and assigned her rights to any EAJA fees to her attorneys. (*Id.*).